

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

October 22, 1990

Mr. Ron Lindsey                     Opinion No. JM-1237
Commissioner
Texas Department of                 Re: Scope of criminal history
  Human Services                    investigations of employees in
P. O. Box 149030                    certain facilities licensed by
Austin, Texas 78714-9030            the Texas Department of Health
                                    or under contract with the
                                    Texas Department of Human Ser-
                                    vices (RQ-2137)

Dear Mr. Lindsey:

You have requested our opinion regarding legislation enacted by the 71st Legislature which relates to criminal history checks of employees in certain facilities serving the elderly or disabled.

Section 106.003(a) of the Human Resources Code provides:

> The Texas Department of Human Services, on behalf of the Texas Department of Health, is entitled to obtain criminal conviction records maintained by the Department of Public Safety or the Federal Bureau of Investigation Identification Division to investigate an employee or a person applying for employment at a facility.

See Hum. Res. Code § 106.001 (defining "facility").

This provision applies to employees of various facilities, licensed by the Department of Health, including nursing homes, home health agencies, adult day care facilities, and facilities for the mentally retarded. Id.

A facility is prohibited from offering permanent employment to any person, except those licensed under other law, unless it first furnishes personal identifying information to the Department of Human Services. Id. § 106.004(a), (b). When the information has been furnished, the

Department of Human Services is required to request the Department of Public Safety to conduct a criminal conviction check on the individual.  Id. § 106.004(c).  Temporary employment is permitted, so long as the facility initiates a criminal conviction check within 72 hours after the individual accepts the temporary employment. With certain exceptions,[1] a facility is prohibited from hiring any person if the records show that he or she has been convicted of an offense listed in section 106.003(b). See id. § 106.008(a). Criminal conviction checks are somewhat limited by section 106.002, which provides:

> (a) If a facility is part of a large complex of buildings, the requirement of a criminal conviction check under this chapter applies only to a person who will work primarily in the immediate boundaries of the facility.

> (b) This chapter applies to an employee or a person applying for employment at a home health agency only if the employee or person is or will be employed in a position the duties of which involve direct contact with a consumer of home health services.

However, in addition to being required to run checks on most applicants for employment, a facility is empowered, although not required, to run a check on "any person employed" there, including one licensed under other law and one exempt under section 106.002(b). See id. § 106.004(d).  A facility is also required under section 106.008(a) to "immediately terminate" a person's employment if the results of the criminal conviction check reveal that the person has been convicted of an offense listed under section 106.003(b).

Section 106.003(b) limits the types of offense which automatically bar permanent employment and which require termination. The applicable offenses are limited to the following:

> (1) a misdemeanor or felony classified as an offense against the person or the family;

---

1.  Id. § 106.008(b), (c).

(2) a misdemeanor or felony classified as public indecency;

(3) a felony violation of a statute intended to control the possession or distribution of a substance included in the Texas Controlled Substances Act (Article 4476-15, Vernon's Texas Civil Statutes);

(4) a felony violation of Section 31.03, Penal Code;

(5) robbery or aggravated robbery, as described by Chapter 29, Penal Code; or

(6) burglary, as described by section 30.02, Penal Code.

You indicate that some of the listed offenses are Class C misdemeanors, specifically the following provisions of the Penal Code:

| | |
|---|---|
| § 21.06. | Homosexual Conduct. |
| § 22.01(a)(2). | Threatening another with bodily harm. |
| § 22.01(a)(3). | Causing physical contact with another that may be reasonably regarded as offensive or provocative. |
| § 22.08. | Aiding Suicide. |
| § 22.10. | Leaving a child in a vehicle. |
| § 43.22. | Displaying or distributing obscene material. |

You express concern that the required dismissal of permanent employees and the bar of permanent employment to applicants convicted of a Class C misdemeanor may conflict with section 12.03(c) of the Penal Code, which provides:

Conviction of a Class C misdemeanor does not impose any legal disability or disadvantage.

Section 12.03(c) is a long-standing feature of the penal laws. According to the Practice Commentary, it is

designed to ensure that "conviction of a Class C (justice court) misdemeanor does not deprive the defendant of his rights to vote, hold public office, serve on a jury, or other rights of citizenship." Searcy & Patterson, Practice Commentary, Tex. Penal Code Ann. § 12.04 (Vernon 1974). Even if we were to construe a bar of employment at a facility for the elderly or disabled as a "legal disability or disadvantage," however, it is clear that the employment restrictions of chapter 106 of the Human Resources Code would control over section 12.04.

In the first place, they are the more specific enactments, since they deal only with restrictions on employment at a certain kind of "facility." Section 311.026 of the Government Code provides:

> (a) If a general provision conflicts with a special or local provision, the provisions shall be construed, if possible, so that effect is given to both.
>
> (b) If the conflict between the general provision and the special or local provision is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail.

The employment restrictions of the Human Resources Code were enacted in 1989. Section 311.025(a) of the Government Code provides:

> Except as provided by Section 311.031(d), if statutes enacted at the same or different sessions of the legislature are irreconcilable, the statute latest in date of enactment prevails.

Thus, it is clear, both from the rule that the specific prevails over the general, and the rule that "the statute latest in date of enactment prevails," that section 12.03(c) of the Penal Code cannot control over the employment restrictions of chapter 106 of the Human Resources Code.

You also express concern about a potential conflict between the employment bar of chapter 106 and section 23 of article 42.12 of the Code of Criminal Procedure. That statute provides:

At any time, after the defendant has satisfactorily completed one-third of the original probationary period or two years of probation, whichever is the lesser, the period of probation may be reduced or terminated by the court. Upon the satisfactory fulfillment of the conditions of probation, and the expiration of the period of probation, the court, by order duly entered, shall amend or modify the original sentence imposed, if necessary, to conform to the probation period and shall discharge the defendant. In case the defendant has been convicted or has entered a plea of guilty or a plea of nolo contendere to an offense other than an offense under Subdivision (2), Subsection (a), Section 19.05, Penal Code, or an offense under Article 6701l-1, Revised Statutes, and the court has discharged the defendant hereunder, such court may set aside the verdict or permit the defendant to withdraw his plea, and shall dismiss the accusation, complaint, information or indictment against such <u>defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted or to which he has pleaded guilty</u>, except that:

(1) proof of his said conviction or plea of guilty shall be made known to the court should the defendant again be convicted of any criminal offense; and

(2) if the defendant is an applicant for a license or is a licensee under Chapter 42, Human Resources Code, the Texas Department of Human Services may consider the fact that the defendant previously has received probation under this section in issuing, renewing, denying, or revoking a license under that chapter.   (Emphasis added).

The "all penalties and disabilities" provision of section 23 is apparently equivalent to the "legal disability or disadvantage" language of section 12.03 of the Penal Code. More than 20 years ago, when section 23 was part of section 7 of article 42.12, this office considered the extent of a release from "all penalties and disabilities."

Attorney General Opinion M-640 (1970) said that an individual who qualified under this provision:

> may serve on a jury or vote at an election provided that he is otherwise qualified. These are civil rights which the statute seeks to restore to such defendant.

The opinion emphasized, however, that since

> no provision is made for expunging the "judgment of conviction" from the record, the statute makes it clear that the "conviction" itself has not been entirely erased.

The opinion then addressed the specific question asked:

> The right of such a defendant to state to his prospective employer that he has never been convicted is not dealt with in the statute. Employers are entitled to know the truth about their prospective employees, and this the statute has not taken away. Such is not a "penalty" or "disability" which was released by the statute. It is, therefore, concluded that such person cannot state in an application of employment that he had never been "convicted of a felony."

In our opinion, the denial of employment in a "facility" under chapter 106 of the Human Resources Code is not the kind of penalty or disability contemplated by section 23 of article 42.12 of the Code of Criminal Procedure. In addition, the same considerations that are applicable to your first question are also present here. The employment restrictions of chapter 106 are more specific, and they were enacted later, than the restoration of civil rights provision of section 23. We conclude, therefore, that section 23 cannot prevail over the employment restrictions of chapter 106 of the Human Resources Code.

## S U M M A R Y

> Neither section 12.03(c) of the Penal Code nor section 23 of article 42.12, Code of Criminal Procedure, acts as a limitation on chapter 106 of the Human Resources Code, which bars the employment, in certain facilities serving the elderly or disabled, of

persons who have been convicted of certain felonies and misdemeanors listed in chapter 106.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General